## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CAMDEN MUELLER,
an individual,

                                          Case No.:

       Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,
EQUIFAX INFORMATION
SERVICES, LLC,
a foreign limited liability company, and
TRANS UNION LLC,
a foreign limited liability company,

       Defendants.
_____/

## PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION

Plaintiff, CAMDEN MUELLER, by and through the undersigned counsel,
pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates JON P.
DUBBELD, Esq. as Lead Counsel for Plaintiff.

## COMPLAINT

**COMES NOW**, Plaintiff, CAMDEN MUELLER (hereinafter, "Plaintiff"), by
and through the undersigned counsel, and hereby sues Defendants, EXPERIAN
INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), EQUIFAX
INFORMATION SERVICES, LLC, (hereinafter, "Equifax"), and TRANS UINION
LLC, (hereinafter, "Trans Union"), (hereinafter collectively, "Defendants").    In

support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.      This is an action brought by Plaintiff, an individual consumer, for damages for Defendants' violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Equifax, Experian, and Trans Union failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Defendants with respect to multiple Accounts.

2.      More specifically, Defendants inaccurately, incompletely, and misleadingly credit-reported the Accounts and subsequently verified its credit reporting of the Accounts and alleged balances owed on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Equifax, Experian, and Trans Union that was created or allegedly incurred as a result of a mixed file.

3.      Furthermore, this is an action for damages for Equifax's, Experian's, and Trans Union's violations of the FCRA wherein Equifax, Experian, and Tran Union continued to incorrectly report Plaintiff as the individual responsible for the alleged accounts after Plaintiff repeatedly disputed and advised that any balance allegedly owed were not his and where Defendants failed to reasonably investigate disputes Defendant received from Plaintiff demanding investigations and re-investigations of the disputed tradeline Accounts as required by the FCRA.

## JURISDICTION, VENUE & PARTIES

4.      Jurisdiction of this Court arises under 28 United States Code, Section

1331, pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*

5.      Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

6.      At all material times herein, Plaintiff is a natural person residing in Lee County, Florida.

7.      At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

8.      At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

9.      At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois, 60661.

<u>**FCRA STATUTORY STRUCTURE**</u>

10.      Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

11.      Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible*

3

*accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

12.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge— and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

13.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

14.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5)

15.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and

4

for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

16.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

22.    At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

23.    At all material times herein, Defendants credit report information concerning consumer credit card accounts furnished by the following entities and corresponding Accounts:

- FNB Omaha Account, referenced by account number beginning with 5362-; (hereinafter, "FNB Omaha:)

- TD Auto Finance Account, referenced by account number beginning with 1104--;  (hereinafter, "TD Auto")

24.    At all material times herein, Equifax, Experian and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engage in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing

consumer reports. Equifax, Experian and Trans Union disburse such consumer reports to third parties under contract for monetary compensation.

25.    At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

26.    All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

27.    Upon information and belief, in May 2024, Plaintiff's brother opened the TD Auto Account.

28.    Upon information and belief, the TD Auto Account was placed on Plaintiff's Experian, Equifax, and Trans Union credit files and reports.

29.    Plaintiff became aware of the TD Auto Account when he attempted to secure a car loan in July 2024.

30.    In July 2024, Plaintiff became aware that his brother's name and other personal identifying information was listed on is Experian, Equifax, and Trans Union credit reports.

31.    In 2025, Plaintiff disputed the TD Auto Account listed on his Experian, Equifax, and Transunion credit reports.

32.    Experian, Equifax, and Transunion received Plaintiff dispute.

33.    Experian, Equifax, and Transunion conveyed Plaintiff's dispute to TD Auto.

34.    In response, Experian, Equifax, Transunion, and TD Auto verified this account as belonging to Plaintiff.

35.    To date, there are still inaccuracies on Plaintiff's Experian, Equifax, and Transunion credit reports.

## DAMAGES

36.    Plaintiff paid a much higher interest rate on his vehicle purchased in July 2024.

37.    Plaintiff's American Express monthly spending limit was dramatically reduced in January 2026.

38.    As a result of Defendants' reporting of the Alleged Debt, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Accounts reflecting the Alleged Debt asserted as owed by Plaintiff if he needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

39.    Overall, Plaintiff suffered damage to his reputation as a result of Defendants' conduct.

40.    Further, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendants that he did not initiate or authorize the opening of the TD Auto Account, Plaintiff must simply endure Defendants' reporting of the Account.

41.     Plaintiff retained Swift, Isringhaus, Dubbeld & McEleney, PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

42.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

## COUNT ONE
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

Plaintiff re-alleges paragraphs one (1) through forty-two (42) as if fully restated herein and further states as follows:

43.     Equifax, Experian and Trans Union are subject to and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

44.     Experian and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports.

45.     More specifically, Equifax, Experian and Trans Union generated and published credit reports regarding Plaintiff which included erroneous information that does not belong to Plaintiff – including the Tradelines listed above.

46.     Such reporting is false and evidences Equifax's, Experian's and Trans Union's failure to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

47.     Overall, Equifax, Experian and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files.

48.     Equifax's, Experian's and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

49.     Equifax's, Experian's and Trans Union's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance-or both-with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i *et seq.*

Plaintiff re-alleges paragraphs one (1) through forty-two (42) as if fully restated herein and further states as follows:

50.     Equifax, Experian and Trans Union are subject to, and violated the provisions of, 15 United States Code, Section: 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate

information in Plaintiff's credit reports and credit files; 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's dispute, including all relevant attachments; and 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's dispute found to be inaccurate or that could not be verified.

51.    Equifax, Experian and Trans Union willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

**52.**    Equifax's, Experian's and Trans Union's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.    Judgment against Defendants for maximum statutory damages for violations of the FCRA;

a.    Actual damages in an amount to be determined at trial;

b.    Compensatory damages in an amount to be determined at trial;

c.    Punitive damages in an amount to be determined at trial;

d.    An award of attorney's fees and costs; and

e.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and

its affiliates safeguard all relevant evidence—paper, electronic documents, or data—

pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Jon P. Dubbeld*
Jon P. Dubbeld, Esq., FBN 105869
Jessica A. Stephens, Esq., FBN 1069016
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 300-1929
Fax: (727) 255-5332
jdubbeld@swift-law.com
jstephens@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

**FOWKES & HASANBASIC**

*/s/ Paul R. Fowkes*
Paul R. Fowkes (FBN 723886)
paul@fhlawpa.com
Ryan C. Hasanbasic (FBN 44119)
ryan@fhlawpa.com
F&H LAW GROUP, P.A.
1807 Short Branch Drive, Ste. 101
Trinity, Florida 34655
Telephone: (727) 500-1010
Facsimile: (727) 943-3203

11

*Co-Counsel for Plaintiff*